IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **DONNIE EUGENE AIKINS, ET AL** § | | **CIVIL ACTION NO.**_____ |
| *Plaintiffs* § | | |
| vs. § | | **JURY DEMANDED** |
| § | | |
| **WARRIOR ENERGY SERVICES CORP.** § | | |
| § | | |
| *Defendant* § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

I.   SUMMARY

Plaintiffs, DONNIE EUGENE AIKINS, MICHAEL ALVARADO, MATTHEW BARROS, LAWRENCE RANDALL BEARDEN, JOHN BLACK, RANDY BLACK, GARY BOND, LLOYD BOND, JONAS BONTRAGER, GREG DUANE CASE, CORY CUMMINGS, DAVID DAVIS, KEVIN DENNIS, DAVID ELLIFRITT, KEVIN SHANE FONTENOT, JASON GORDON, DAVID HENRY, JAKE HERNANDEZ, CODY HOLLAND, BEN HOYLE, JAMES D. JONES, ARTHUR PERRY KENNEDY, WAYNE KIRN, DANIEL J. KNACK, TRENT KRIEGER, HAROLD JAMES NARCISSE, RYAN MOONEY, JOSEPH WAYNE ORTEGO, ROBERT OWNES, JUAN PALACIOS, BRIAN PORTER, WILLIAM REEF, ANTHONY SCOTT REEVES, JOSHUA MARK ROBIN, CHARLIE ROGERS, SCOTT ALAN ROWLEY, BRIAN HAMPTON SMITH, EMMETT SNYDER, BRENT THOMPSON, KEITH TURNER, GUADALUPE VALDEZ, JASON WATKINS AND SCOTT WITZIG bring this action against Defendant Warrior Energy Services Corp. for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

II.   THE PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are current and former employees of Defendant.

2. Defendant has an office and does business in the United States District Court for the District of North Dakota, Southwestern Division. Defendant can be served through its registered agent.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendant does business in the Southwestern Division of North Dakota and is subject to personal jurisdiction in North Dakota.

### III.   THE FACTS

5. Defendant is in the oil well services business.

6. Defendant's annual gross revenues exceed $500,000.00.

7. Plaintiffs were employed by Defendant within 3 years from the date of the filing of this Complaint. Plaintiffs' job titles include, but are not limited to equipment operators, crane operators and other support personnel.

8. Plaintiffs were paid on a salary basis until approximately November 15, 2012, when at such time, some Plaintiffs were changed to hourly employees.

9. Plaintiffs were also paid bonuses, job bonuses and per diem. Plaintiffs' compensation varied per week depending on when, where, how and how much work was performed and whether it was performed in the field or in the shop. Plaintiffs were not paid any contemporaneous overtime payments. Moreover, Plaintiffs were not paid all bonuses for which they were entitled. Accordingly, Plaintiffs sue for any and all unpaid bonuses.

10. Plaintiffs regularly worked in excess of forty (40) hours per week generally working approximately fifty (50) to ninety (90) hours per week or more. Upon information and belief,

Defendant has failed to keep adequate payroll and time records in accordance with the FLSA regarding Plaintiffs.

11. As a consequence of their employment, Plaintiffs operated and worked on vehicles with a Gross Vehicle Weight Rating ("GVWR") of more than 10,000 pounds and vehicles with a GVWR of 10,000 pounds or less.

12. Plaintiffs operated or worked on vehicles with a GVWR of 10,000 pounds or less performing their duties for Defendant frequently and on a weekly basis.

13. In any workweek in which Plaintiffs worked on a vehicle with a GVWR of 10,000 pounds or less (regardless of whether they also worked on a vehicle with a GVWR of more than 10,000 pounds in that same workweek), Plaintiffs are subject to the overtime requirements of the FLSA.

14. Plaintiffs are entitled to overtime wages for said weeks "*notwithstanding*" any allegation by Defendant that they would otherwise be exempt pursuant to the Motor Carrier Act exemption because Plaintiffs' duties were performed "in whole or *in part*" on vehicles with a GVWR or 10,000 pounds or less.

15. Significantly, it was the policy of Defendant not to pay overtime wages to its employees, including Plaintiffs, for any workweek in which they worked on both a vehicle with a GVWR of greater than 10,000 pounds and a vehicle with a GVWR of 10,000 pounds or less or, worked exclusively on a vehicle with a GVWR of 10,000 pounds or less.

16. This policy affects Plaintiffs and scores of similarly situated current and former employees of Defendant.

17. Plaintiffs' required job duties included servicing wells on location, generally, on the private property of Defendant's clients. A well service job generally lasted 2-3 days. During a

well service job, Plaintiffs would routinely operate or perform work on vehicles with a GVWR of 10,000 pounds or less in performance of these duties.

18. Additionally, Plaintiffs spent extensive and considerable time in Defendant's shops performing such duties as sweeping and cleaning the shops, washing vehicles, maintaining the physical property of the yards, testing and maintaining Defendant's equipment, performing "hot shot" runs in vehicles with GVWRs of 10,000 pounds or less and transporting equipment and employees to and from locations in vehicles with GVWRs of 10,000 pounds or less.

19. Plaintiffs would be assigned and spent numerous and/or consecutive entire workweeks performing exclusively shop duties.

20. As shown in the preceding paragraphs, Plaintiffs performed a myriad of duties for Defendant <u>without</u> the exclusive use of vehicles with a GVWR of more than 10,000 pounds.

21. Defendant did not pay Plaintiffs overtime wages for the hours they worked in excess of forty (40) in a workweek although it was legally required to do so under the FLSA.

IV.     CAUSE OF ACTION

22. Plaintiffs incorporate the preceding paragraphs by reference. Defendant did not pay Plaintiffs the legally required overtime wages for all hours they worked in excess of 40 in a workweek. In this regard, Defendant acted willfully or with reckless disregard as to whether their pay practices complied with the FLSA.

23. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

24. Defendant's willful failure to pay Plaintiffs overtime wages for the weeks in which they worked in excess of forty (40) hours violated the FLSA.

25. Defendant is liable to Plaintiffs for unpaid overtime wages and unpaid bonuses.

26. Defendant is liable to Plaintiffs for an equal amount of their unpaid overtime wages as liquidated damages.

27. Plaintiffs are also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V.     J<small>URY</small> D<small>EMAND</small>

28. Plaintiffs demand a trial by jury.

## VI.     P<small>RAYER</small>

Plaintiffs respectfully request judgment in their favor awarding:

29. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek and any unpaid bonuses;

30. Liquidated damages;

31. Reasonable attorney's fees, costs and litigation expenses;

32. Post judgment interest at the highest rate allowed by law; and

33. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By:  /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas  77515
(979) 849-6080
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiffs**