

**Locke Lord** LLP

Attorneys & Counselors

2800 JPMorgan Chase Tower, 600 Travis
Houston, Texas 77002-3095
Telephone: 713-226-1200
Fax: 713-223-3717
www.lockelord.com

J. Michael Rose
Direct Telephone: 713-226-1684
Direct Facsimile: 713-229-2626
Email:mrose@lockelord.com

April 24, 2014

Arturo A. Rivera, Case Manager
To United States District
Judge Gregg Costa
United States District Clerk
601 Rosenberg, Suite 613
Galveston, TX 77550

  Re: *Donnie Eugene Aikins, et al. vs. Warrior Energy Services Corp.*;
     Civil Action No. 6:13-cv-00054- Defendant's Motion to Compel

Dear Mr. Rivera:

  Defendant Warrior Energy Services Corporation ("Warrior") requests that the Court compel Plaintiffs to make five (5) additional Plaintiffs available to be deposed in May and June of 2014, so that a total of 10 of the 56 current Plaintiffs in this lawsuit will have been deposed in advance of the Court's discovery (August 2, 2014) and dispositive motion (August 15 2014) deadlines. Counsel for Plaintiffs Clark Woodson ("Woodson") has stated in no uncertain terms that he will file a motion to quash any such depositions.

  This is a Fair Labor Standards Act overtime pay case, but is not a collective action. There are currently 56 individually-named Plaintiffs in this lawsuit. The parties initially discussed having ten total Plaintiffs deposed in this case, with five Plaintiffs designated by each party. This discussion was memorialized in the parties October 4, 2013 Joint Discovery Case Management plan. See *Docket Entry No. 19* ("Counsel for Plaintiffs and Counsel for Defendant have discussed the possibility of choosing the option of designating and deposing up to 10 'bellwether' Plaintiffs to be deposed (5 selected by Plaintiffs and 5 by Defendant")). The parties further discussed this plan with the Court during the parties' October 16, 2013 Scheduling Conference.

  On March 24, 2014, counsel for Warrior provided the names of the five Plaintiffs Warrior wanted to depose and requested available dates for these

Atlanta, Austin, Chicago, Dallas, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC

HOU:0026358/00009:1730152v1

depositions. To date, Woodson has not provided dates for 2 of these 5 Plaintiffs, and Warrior requests the Court to Order Plaintiffs to do so immediately. On that date, counsel for Warrior also requested (for the second time) the names of the five Plaintiffs Woodson wanted to depose. Woodson responded on March 31 and stated that he "may not need to designate or depose anyone." Therefore, on April 22, counsel for Warrior requested from Woodson deposition dates in May and June for five additional Plaintiffs (Riley Douthit, James Jones, Arthur Perry Kennedy, Mark Noble, and William Reef), to bring the total to 10 of 56 Plaintiffs being deposed. See *April 22, 2014 email, attached hereto as Exhibit A*. Woodson responded the next day and stated that he would not agree to counsel for Warrior's "demand" to "allow Warrior to designate additional deponents." Woodson further stated that "**I will file a Motion to Quash any attempt to do so**." *Id.* (emphasis added). Thus, the parties are at an impasse regarding this issue, and it is ripe for disposition by the Court.

Warrior should be permitted to depose additional Plaintiffs in this case to defend itself against the allegations of the 56 current named Plaintiffs in the lawsuit. As Plaintiffs have asserted repeatedly in their pleadings, and as Woodson acknowledged in his April 23 email, one of the primary issues to be decided by the Court in this case is "if and how the Technical Corrections Act of 2008 [TCA] applies in this lawsuit." See *Exhibit A*. Importantly, in *Allen v. Coil Tubing Servs., L.L.C.*, Judge Nancy Atlas recognized that an analysis of the application of the TCA requires an *individualized inquiry* regarding each plaintiff when she stated that "[i]t appears the Court must determine for the period after June 6, 2008 (the TCA period), when and how often *each Plaintiff individually performed duties* with non-commercial vehicles so as to qualify as a 'covered employee' [under the TCA]." 846 F. Supp. 2d 678, 705 (S.D.Tex. 2012) (emphasis added). Thus, Warrior should be entitled to depose at least a representative percentage of these named Plaintiffs prior to the Court's August 2, 2014 discovery deadline for purposes of filing its Motion for Summary Judgment (due to be filed by August 15, 2014). 10 of the 56 Plaintiffs is not even 20% of the named Plaintiffs in this case.

Thus, Warrior requests that the Court: (1) compel Woodson to immediately provide available dates for depositions in May and June for the five Plaintiffs Warrior has requested to depose in this case, and (2) provide dates in May and June for the remaining 2 Plaintiffs previously designated for deposition.

Yours sincerely,

s/ J. Michael Rose
J. Michael Rose
Of Counsel for Defendant

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 22 and 23, 2014, I conferred via email with Clark Woodson, counsel for Plaintiffs, regarding Defendant's request for deposition dates for five additional plaintiffs. Mr. Woodson stated that he will move to quash any such depositions.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2014, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's electronic filing system and by certified mail, return receipt requested.

    Clark Woodson III
    LAW OFFICE OF CLARK WOODSON III
    601 East Myrtle
    Angleton, Texas 77515

                                    s/ J. Michael Rose
                                    J. Michael Rose