LAW OFFICE OF
# CLARK WOODSON III
601 E. MYRTLE
ANGLETON, TEXAS 77515

CLARK WOODSON III  
BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW  
TEXAS BOARD OF LEGAL SPECIALIZATION

TELEPHONE 979.849.6080  
CLARK@WOODSONLABORLAW.COM

March 13, 2015

Honorable Gregg J. Costa
United States Circuit Judge by Designation
601 Rosenberg, Suite 613
Galveston, Texas 77550

    Re:   *Donnie Eugene Aikins, et al. vs. Warrior Energy Services Corp.*; Civil Action No. 6:13-cv-00054; In the United States District Court for the Southern District of Texas, Victoria Division

Dear Judge Costa,

    This letter is a reply to Defendant's Letter to the Court (Doc. No. 63) dated March 12, 2015, regarding the decision from the United States Court of Appeals, Third Circuit; *Ashley McMaster v. Eastern Armored Services, Inc.*.

    First, it appears that the Defendant is completely missing the point of the Third Circuit's directive to follow the plain and unambiguous language of the TCA. The plain and unambiguous language of the TCA is absolutely and completely devoid of any *de minimis* standard. If Congress wanted to include a *de minimis* standard, it could have done so. It did not. Instead, what Congress included in the TCA is the "in part" language related a "covered employee's" work. Merriam-Webster defines "in part" as "to some degree; partially". *See*, "part" Def. 9. Merriam Webster Online, Merriam Webster, n.d. Web. 13 March 2015.

    As a result, the plain and ordinary definition of "in part" should be used in interpreting the TCA. In this connection, Plaintiffs assert that the "in part" language clearly **obliterates** any alleged *de minimis* standard.

And second, Defendant's argument related to the Plaintiffs' alleged "job description" is irrelevant. The issue is the work that Plaintiffs actually performed. Plaintiffs have submitted overwhelming evidence that they *routinely* performed work on small vehicles and such work was not simply "incidental to their duties". Simply stated, because Plaintiffs "drive", their work is defined as that of a "driver". *See*, e.g., *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 707 (the district court "shall not be concluded by the name which may have been given to [the employee's] position or to the work that he does"); *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 688-89 (6th Cir. 2001) ("[C]ourts must focus on the actual activities of the employee in order to determine whether or not he is exempt from the FLSA's overtime regulations.") (emphasis added).

The relevant inquiry is the work that is actually performed by the employee, and not the definition of "duties" contained in an employer's self-serving, employer-drafted job description.

Respectfully submitted,

By:/s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas 77515
979.849.6080 Telephone
State Bar No. 00794880
S.D. Bar No. 21481
**Attorney for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2015, a true and correct copy of the above and foregoing instrument was served upon counsel of record via the Case Management/Electronic Case Files (CM/ECF) system.

William Bux
600 Travis Street, Suite 2800
Houston, Texas 77002

/s/ Clark Woodson III
Clark Woodson III