IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Donnie Eugene Aikins, et al., | § | |
| Plaintiffs, | § | |
| vs. | § | Civil Action No. 6:13-cv-00054 |
| Warrior Energy Services Corp., | § | |
| Defendant. | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

All Plaintiffs and Defendant Warrior Energy Services Corporation ("Defendant") (collectively, the "Parties") seek court approval of the mediator-supervised settlement recently reached in this matter. The Parties represent that the settlement is fair and equitable.

Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties stipulate to the dismissal of the above-styled and numbered cause with prejudice, with each party to bear his/her/its own attorneys' fees and court costs.

### I. INTRODUCTION

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") alleging that Defendant failed to pay 43 individually-named Plaintiffs overtime wages as required by law. (See Plaintiffs' Original Complaint, Docket Entry No. 1). The lawsuit has been amended over time, and now includes sixty-three (63) individually-named plaintiffs. See Plaintiffs' Sixth Amended Complaint, Docket Entry No. 44. This case is not a collective action under the FLSA, but has sixty-three individually named Plaintiffs each with individual claims. Now, because the Parties have reached a mediator-supervised agreement that

disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, and that there are no other plaintiffs in the lawsuit, the Parties request that the Court approve the agreement, and dismiss Plaintiffs' claims with prejudice.

## II. ARGUMENT & AUTHORITIES

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D.Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. See *Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the

plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendant and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendant to be applicable to the Plaintiffs. Prior to mediation, the Parties spent significant time and resources researching and briefing the various legal issues involved in the case, including the applicability of various exemptions, the correct methodology for determining how to calculate damages, and the proper statute of limitations. The Parties also spent significant time and resources investigating the facts of this case, including the hours worked by the Plaintiffs and the type of work they engaged in with respect to potentially applicable exemptions. In addition, 16 Bellwether Plaintiffs of the 63 Plaintiffs were deposed in this matter, and the Parties filed summary judgment briefing regarding the applicability of the Motor Carrier Act exemption to the Plaintiffs. The Court denied Defendant's summary judgment motion, citing various "fact issues" regarding the applicability of the exemption.

As a result of the significant litigation efforts expended in this case by the Parties, and in order to avoid one or more potentially costly and lengthy trial settings, Plaintiffs and Defendant have reached a private, mediator-supervised settlement of all claims, defenses and disputes between them in this cause, utilizing experienced Houston mediator Carla Cotropia of the Mills Shirley law firm. During the arms-length mediation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, Clark Woodson III, and were aware of their rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq.* By entering into this settlement, Defendant is not admitting any liability or violation of the FLSA, which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel. In arriving at the proposed settlement, the Parties considered (i) liability disputes; (ii) whether Plaintiffs were entitled to liquidated damages; (iii) whether Defendant acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was negotiated at arms' length in a mediation. The settlement amount includes both estimated unpaid overtime wages for each Plaintiff, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

Wherefore, Plaintiffs and Defendant respectfully request that the Court approve the mediator-supervised settlement and enter an agreed order of dismissal of the claims of all Plaintiffs with prejudice, with each party to bear his/her/its own court costs and attorneys' fees in conformance with the foregoing stipulation.

| Attorneys for Plaintiffs: | Attorneys for Defendant: |
|---|---|
| */s/ Clark Woodson* | */s/ William John Bux* |
| **Clark Woodson III** | **William John Bux** |
| **Attorney-In-Charge** | **Attorney-In-Charge** |
| State Bar No. 00794880 | State Bar No. 03546400 |
| Southern District No. 21481 | Southern District No. 7396 |
| LAW OFFICE OF CLARK WOODSON, III | LOCKE LORD LLP |
| 601 East Myrtle | 600 Travis Street, Suite 2800 |
| Angleton, Texas 77515 | Houston, Texas 77002 |
| Telephone: 979-849-6080 | Telephone: 713-226-1275 |
| Facsimile: 979-849-7070 | Facsimile: 713-229-2537 |

**J. Michael Rose**
**Of Counsel**
State Bar No. 24041819
Southern District ID No. 36797
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone: 713-226-1684
Facsimile: 713-229-2626

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 21, 2015, I conferred with counsel for Plaintiffs by telephone regarding the foregoing Joint Motion. Counsel confirmed that Plaintiffs are in agreement with this Joint Motion.

/s/ *William John Bux*
William John Bux
Attorney for Defendant
Warrior Energy Services Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to Plaintiffs' counsel of record via the Court's ECF pursuant to the Federal Rules of Civil Procedure on this the 21st day of October, 2015

Clark Woodson III
LAW OFFICE OF CLARK WOODSON III
601 East Myrtle
Angleton, Texas 77515
Facsimile: (979) 849-7070

/s/ *William John Bux*
William John Bux